### No. 3

### WYANT v. RUSSELL

No. 17841—Claude Wyant v. Emma Russell. Error to Lucas Court of Appeals. See p. 4.

841—NEW TRIAL—Postponement of statutory date from which time for error proceeding begins to run, not affected by a new post dated order overruling motion for new trial—Abuse of discretion not presumed, but must appear from record.

ROBINSON, J.

1. Abuse of discretion will not be presumed but must appear from the record.

2. The granting of a motion, after judgment, to vacate a former order of the court overruling a motion for a new trial, and an entry of a new order overruling the motion for a new trial, are not effective to postpone the date from which the statute limiting the time within which a proceeding in error may be commenced begins to run, where the judgment upon the verdict antedates such entry and has not been vacated.

Judgment affirmed.

Marshall, C. J., Wanamaker, Jones, Matthias, Day and Allen, JJ., concur.

### No. 4

### YUTZE v. COPELAND

No. 17942—Charles Yutze v. William Copeland, as Chief of Police of the City of Cincinnati. Error to the Court of Appeals of Hamilton county. See p. 4.

601—HABEAS CORPUS—Writ of not to take place of proceedings in error in criminal case, where convicting court had jurisdiction and power to decide.

JONES, J.

A writ of habeas corpus will not lie to test the constitutionality of a statute or ordinance, in favor of one who has been convicted, where the criminal court wherein conviction was obtained had jurisdiction or power to determine the question of constitutionality. In such case the writ cannot be made a substitute for proceedings in error.

Judgment affirmed.

Marshall, C. J., Wanamaker, Robinson, Matthias, Day and Allen, JJ., concur.

---

### No. 5

### STATE v. PATTON

No. 18156—State ex rel Frank L. Ryan et al v. R. L. Patton, President. Mandamus. See p. 4.

165—BONDS—Highest bid for school bonds must be accepted—Qualification of bid requiring board to furnish transcript, not unlawful.

MARSHALL, C. J.

1. Under Section 2294, General Code, where a board of education advertises for bids for purchase of bonds issued under Section 7630-1, General Code, it is mandatory upon such board to accept the highest bid therefor.

2. A bid which contains a qualification that the board shall furnish "a certified transcript showing said bonds to be legally issued in accordance with Section 7630-1 of the General Code of Ohio" is not conditional, or unlawful.

Writ denied.

Wanamaker, Robinson, Jones and Day, JJ., concur. Allen, J., took no part in the consideration or decision of the case.